UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES IMBERGAMO,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:04-0292** |
| v. | : | |
| | | **(MANNION, M.J.)** |
| **JAMES HENNIGAN, MICHAEL MULVEY and KEVIN VARCOE,** | : | |
| | : | |
| **Defendants** | | |
| | : | |

**O R D E R**

Pending before the court are several matters in need of disposition. Initially, pending before the court is the plaintiff's Motion In Limine to Preclude Evidence or Argument that Plaintiff Contributed to His Injuries. (Doc. No. 91). Related to this motion is correspondence from the plaintiff's counsel dated October 3, 2005, in which he sets forth an objection to the defendants' Special Verdict Question No. 6, which asks "Did James Imbergamo contribute to the harm that he suffered by failing to mitigate his damages?" (Doc. No. 90). Also related to this motion is correspondence from the plaintiff's counsel dated October 17, 2005, in which counsel sets forth an objection to the defendants' proposed Jury Instruction No. 8, which concerns the "duty to mitigate pursuing medical care." (Doc. No. 108). The plaintiff also has pending before the court a Motion In Limine Regarding Donna Ambrosio's Testimony. (Doc. No. 93). In addition, letter briefs are pending before the court concerning the defendants'

request to exclude any evidence of out-of-court statements made by non-party State Police Corporal John Clader concerning the force used to subdue the plaintiff. (Doc. Nos. 99, 101). There is also correspondence before the court dated October 11, 2005, from the plaintiff's counsel, requesting a ruling on proposed voir dire questions. (Doc. No. 103). The court also has before it correspondence dated October 19, 2005, from the plaintiff's attorney in which he seeks to have the court compel the defendants to produce the "Labor Market Survey for Nassau County, New York" upon which the defendants' expert, Barach & Company, relied in preparing their report. (Doc. No. 115). Finally, the defendants have objected to the plaintiff's proposed Pennsylvania Suggested Standard Civil Jury Instructions Nos. 6.01A through 6.01I, as well as the plaintiff's proposed jury instruction on acting in concert. (Doc. No. 109).

A hearing and oral argument were held on December 5, 2005, to address all of the above matters. A more comprehensive decision having been placed on the record at the hearing and oral argument, a summary of the salient rulings of the court follows.

**I.     Plaintiff's Motion In Limine to Preclude Evidence or Argument that Plaintiff Contributed to His Injuries.**

With respect to the plaintiff's motion, the State Police Defendants provided an expert report from Robert R. Dahmus, M.D., regarding the

plaintiff's physical injuries. In his report, Dr. Dahmus opines that the plaintiff's arm and leg injuries healed improperly because he failed to follow-up with post-operative care which contributed, nearly completely, to his present physical problems.  The plaintiff further notes that the State Police Defendants provided a proposed expert report from Barach and Company regarding the plaintiff's economic status, which relies on the opinion of Dr. Dahmus.  The State Police Defendants have also submitted proposed special verdict questions, one of which seeks to have the jury make a determination as to whether plaintiff ". . . contribute[d] in any way to the harm that he suffered."

The plaintiff has filed the instant motion seeking to exclude any evidence or argument that he in some way contributed to his injuries, arguing that, since no cause of action sounding in negligence was raised in the amended complaint against the State Police Defendants, any such evidence or argument would be inappropriate and irrelevant.  The plaintiff argues that the doctrines of contributory or comparative negligence do not provide a defense to claims in a civil right action but rather only in a negligence action.

The State Police Defendants counter that the above evidence is relevant to the plaintiff's duty to mitigate damages. The court agrees. In a §1983 action, the plaintiff has the duty to mitigate damages, <u>after</u> the injury causing those damages occurs, by obtaining (and complying with) reasonable medical care. <u>Myers v. City of Cincinnati</u>, 14 F.3d 1115, 1119 (6th Cir. 1994); <u>Fleming v.</u>

County of Kane, 898 F2d 553, 561 (7th Cir. 1990).  See also, Miller v. Lovett, 879 F.2d 1066, 1070 (2nd Cir. 1989)(citing Rapisardi v. United Fruit Co., 441 F.3d 1308, 1312 (2d Cir. 1971)(refusal to wear eye patch as prescribed by doctor); Yosuf v. United States, 642 F.Supp. 432, 441-42 (M.D.Pa. 1986)(failure to obtain corrective surgery and physical therapy in a §1983 action); Young v. American Isbrandtsen Lines, Inc., 291 F.Supp. 447, 450 (S.D.N.Y. 1968)(refusal to undergo surgery); M. Schwartz & J. Kirklin, Section 1983 Litigation: Claims, Defenses, and Fees §14.12 (1986); Restatement (Second) of Torts §918).  The defendant bears the burden of proof on the mitigation issue. Id.  Therefore, the evidence and argument made by the State Police Defendants with respect to the plaintiff's failure to comply with recommended medical treatment is relevant to the amount of damages which the plaintiff may recover, as it goes to his alleged failure to mitigate his damages.

**II.  Plaintiff's Request With Respect to Defendants' Special Verdict Question No. 6.**

In light of the above ruling, the plaintiff's objection to the defendants' Special Verdict Question No. 6 is overruled, in part. To this extent, the defendants will be permitted to submit a special verdict question with respect to the mitigation of damages.  However, the parties are directed to confer and

agree upon alternative language for Special Verdict Question No. 6, which allows the jury to consider mitigation of <u>damages</u> but does not imply application of a contributory negligence standard as to liability.

### III. Plaintiff's Request With Respect To Defendants' Proposed Jury Instruction No. 8.

Based upon the above ruling, that the issue of mitigation of damages is appropriate in a §1983 action, the plaintiff's objection to the defendants' proposed Jury Instruction No. 8 is overruled. The court will instruct the jury with respect to the plaintiff's duty to mitigate his damages, <u>after</u> the injury, in accordance with Federal Jury Practice Instructions §165.72.

### IV. Plaintiff's Motion In Limine Regarding Donna Ambrosio's Testimony.

In accordance with the court's orders dated September 27, 2005, and September 28, 2005, the parties met and discussed objections related to the testimony of Donna Ambrosio, who lived with the plaintiff for a period of three months prior to the events which are the subject of this action and who was an eyewitness to certain of the events which are the subject of this action. After these discussions, there are apparently four areas of Ms. Ambrosio's anticipated testimony which remain in dispute.

**A.     Plaintiff's Mental Condition.**

The plaintiff seeks to exclude any testimony of Ms. Ambrosio that the plaintiff had "mental problems;" had "something very wrong with him;" was in need of "help" and characterized the plaintiff's behavior and/or mental state as "weird," "nuts," "crazy," "strange," and "flipping out."  The plaintiff challenges this testimony on the basis that it is irrelevant and inadmissible. In addition, the plaintiff argues that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and/or misleading the jury. Finally, the plaintiff argues that any testimony by Ms. Ambrosio as to the plaintiff's mental health would constitute opinion testimony by a lay witness which is impermissible under FRE 701.

The court finds that testimony is relevant to the plaintiff's claim for emotional damages. In fact, the plaintiff has proffered medical expert testimony relating to his mental health prior to the incident in question. Moreover, because the plaintiff is claiming mental injuries as the result of his encounter with the State Police Defendants, the court finds that Ms. Ambrosio's testimony with respect to her perception of the plaintiff's mental health prior to and on the date in question will not cause the plaintiff any unfair prejudice.

Finally, to the extent that the plaintiff argues that Ms. Ambrosio's testimony would constitute opinion testimony by a lay witness, Ms. Ambrosio will not be allowed to testify as to any specific diagnosis of a mental disorder,

but will only be allowed to testify as to her observations of the plaintiff during the time they resided together and up to the day of the incident in question. To this extent, FRE 701 provides that a lay witness may provide an opinion as to an individual's state of mind when it is based upon observations of the individual, is helpful for an understanding of the testimony or a fact in issue, and is not based upon specialized knowledge. The court finds that the testimony of Ms. Ambrosio meets these requirements and will, therefore, allow the testimony of Ms. Ambrosio as to her observations of the plaintiff's mental state prior to and on the date of the incident in question.

### B.   Plaintiff's Purported Sexual Preferences and Letters Allegedly Written by the Plaintiff to Ms. Ambrosio

The plaintiff also seeks to exclude testimony by Ms. Ambrosio that the plaintiff dressed in a certain manner for sexual reasons and that he wrote her "weird" letters. Again, the plaintiff argues that this testimony is irrelevant and prejudicial.    The State Police Defendants argue that the testimony is being provided as the basis of Ms. Ambrosio's opinion relating to the plaintiff's mental state. Because Ms. Ambrosio's testimony with respect to the plaintiff's mental state is relevant to the plaintiff's claim of emotional damages, the State Police Defendants argue that the reasons for her opinion would be relevant to laying a foundation for the opinion or as areas of exploration on cross-

examination. The State Police Defendants agree, however, that in order to avoid prejudice to the plaintiff, the court has the discretion to allow Ms. Ambrosio to testify as to her opinion, but prohibit the parties from eliciting the reasons for the opinion.

In order to avoid undue prejudice to the plaintiff in this case, and because the court can find no relevance to this action, it will exercise its discretion and exclude any testimony by Ms. Ambrosio as to how the plaintiff dressed when engaged in sexual activities or that he allegedly wrote Ms. Ambrosio "weird" letters (which apparently no longer exist) ,pursuant to FRE 403.

### C.    Plaintiff's Physical Condition.

Next, the plaintiff seeks to exclude testimony by Ms. Ambrosio relating to his physical condition. To this extent, Ms. Ambrosio testified that the plaintiff was "fragile," not healthy, and caused his own broken arm and leg. The plaintiff argues that any such testimony is irrelevant and inadmissible. Even to the extent the court finds the testimony relevant, the plaintiff argues that any such testimony would be unduly prejudicial. Finally, the plaintiff argues that the testimony would constitute opinion testimony by a lay witness.

The court finds that Ms. Ambrosio's testimony concerning the plaintiff's physical health is relevant to the plaintiff's claim of physical injuries and permanent disability. Similar to the testimony relating to the plaintiff's mental

8

health, Ms. Ambrosio may testify as to what she observed in relation to the plaintiff's physical health, including what the plaintiff allegedly told her about his physical health during that time. Ms. Ambrosio will not be permitted, however, to testify as to her opinion of what caused the plaintiff's injuries on the day in question. That testimony is better left to one qualified to make such an assessment.

The court further finds that because the plaintiff himself has placed his physical health at issue, any such testimony by Ms. Ambrosio would not be unfairly prejudicial. Moreover, any testimony by Ms. Ambrosio concerning what she experienced or observed would not be opinion testimony by a lay witness. She will not, however, be permitted to testify as to her opinion of the <u>cause</u> of the plaintiff's injuries on the day in question.

Finally, as discussed at the hearing and oral argument, the parties are directed to confer and submit a proposed jury instruction relating to the right of <u>either</u> party to seek medical records and offer them in support of their factual allegations.

### D.    Plaintiff's Suspended Driver's License.

The plaintiff also seeks to exclude the testimony of Ms. Ambrosio that the plaintiff had a suspended driver's license and/or mechanic's license as a result of traffic tickets and a hit and run accident. The plaintiff argues that this

testimony is irrelevant and inadmissible. He further argues that any such testimony would be unfairly prejudicial. Finally, the plaintiff argues that, should the court find that the evidence is relevant and not unfairly prejudicial, it should still be excluded under FRE 609 because summary traffic offenses are not crimes "punishable by death or imprisonment in excess of one year" nor do summary traffic offenses involve "dishonesty or false statement."

The State Police Defendants agree that the reason for the suspension of the plaintiff's driver's and/or mechanic's license (i.e., traffic tickets and a hit and run accident) are irrelevant and inadmissible. They argue, however, that the fact that the plaintiff had a suspended driver's license is relevant to his claims for damages and lost wages.

The plaintiff has brought a claim for lost wages due to his inability to work. The State Police Defendants intend to offer evidence that a mechanic must possess a valid driver's license in order to obtain employment. The plaintiff has indicated that he sought employment as a mechanic, after the incident, but was unsuccessful. The fact that the plaintiff's lack of a driver's and/or mechanic's license may have contributed to his inability to obtain employment is relevant to the plaintiff's claim of lost wages. Therefore, that testimony will be allowed. In order to avoid any prejudice to the plaintiff, however, the testimony will be limited to the fact that the plaintiff did not have a valid license, but may not include the reason for his failure to have a license.

**V.     Admissibility of Corporal Clader's Out-of-Court Statement.**

Counsel for the plaintiff originally sought to have admitted an audio tape which contained a specific out-of-court statement made by non-party State Police Corporal John Clader concerning the force used to subdue the plaintiff. At the hearing and oral argument, the plaintiff's counsel agreed to withdraw the request to have the audio tape and the specific statement made by Corporal Clader admitted into evidence, but indicated to the court that they wished to have Corporal Clader testify as to three things: (1) the plaintiff had an encounter with the defendants on the day in question during which he was taken to the ground; (2) the plaintiff was injured; and (3) he suffered broken bones.  Counsel indicated that Corporal Clader's knowledge of these events could only have been obtained through a discussion with defendant Hennigan, since Clader was never at the scene during the incident.

Counsel for the defendants objected to any such testimony by Corporal Clader arguing that the foregoing facts are not in dispute and hearsay.

The court agrees that any statement by Corporal Clader is inadmissible hearsay. The court will allow the plaintiff's counsel to question defendant Hennigan, who was actually present during the incident, as to the above facts. To the extent that defendant Hennigan admits the above facts, the hearsay testimony of Corporal Clader will not be admissible.  However, to the extent that defendant Hennigan denies any of the above facts, the plaintiff may call

Corporal Clader for purposes of challenging defendant Hennigan's credibility.

**VI.    Plaintiff's Request with Respect to Proposed Voir Dire Questions.**

With respect to the plaintiff's correspondence dated October 11, 2005, requesting a ruling on proposed voir dire questions, the court will take the plaintiff's request under advisement at this time. However, the parties are directed to confer and attempt to agree upon language with respect to the proposed voir dire questions.

**VII.   Plaintiff's Request For the "Labor Market Survey, Nassau County, New York" referenced in the defendant's expert report.**

The "Labor Market Survey, Nassau County, New York," according to defendant's counsel is not a published report or document, but a process. Regardless, pursuant to Fed.R.Civ.P. 26, the plaintiff is entitled to the information considered by the defendants' expert in formulating his opinion. Counsel for the defendants is therefore directed to supply the plaintiff's counsel with whatever information was used to form the basis of the "Labor Market Survey" as expressed in their expert's report.

**VIII. Defendants' Objection to Plaintiff's Proposed Jury Instructions 6.01A through 6.01I and Plaintiff's Proposed Jury Instruction on Acting In Concert.**

As discussed at the hearing and oral argument, the plaintiff is entitled to Pennsylvania Suggested Standard Civil Jury Instructions numbered 6.01A through 6.01I relating to damages. Therefore, any objection to these instructions by the defendants is overruled.

With respect to the plaintiff's proposed jury instruction on "acting in concert", the parties are to confer and agree upon language with respect to the fact that the plaintiff need not establish which individual officer caused which individual injury during the altercation.

        S/ Malachy E. Mannion
        **MALACHY E. MANNION**
        **United States Magistrate Judge**

**Date:** December 13, 2005
O:\shared\ORDERS\2004 ORDERS\04-0292.14.wpd